IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-46 |
| ) | |
| GARNETT LONG-PARHAM ) | |

OPINION

DIAMOND, D.J.

On February 26, 2015, defendant Garnett Long-Parham was charged in a one-count indictment with possession of a firearm by a convicted felon on or about January 20, 2015, in violation of 18 U.S.C. §922(g)(1).[1] Presently before the court are the following pretrial motions filed by defendant: (1) Motion to Suppress Evidence (Document No. 36); (2) Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (Document No. 29); (3) Motion to Compel Notice by the Government of its Intention to Use Certain Evidence (Document No. 30); (4) Motion for Leave to File Additional Pretrial Motions (Document No. 31); (5) Motion for Early Disclosure of Jencks Materials (Document No. 32); and (6) Motion for Discovery (Document No. 33). The government responded to defendant's motions,

---

[1] The indictment actually charges a violation of "Title 21, United States Code, Section 922(g)(1)," which is an erroneous citation to the statute. The statutory section which criminalizes possession of a firearm by a convicted felon is 18 U.S.C. §922(g)(1). For the sake of accuracy, the government should amend the indictment to properly cite the statute defendant allegedly violated. See Fed.R.Crim.P. 7(c)(1) ("For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."). However, it should be noted that a citation error is not a ground to dismiss the indictment unless the defendant was misled and thereby prejudiced. See Fed.R.Crim.P. 7(c)(2). Nothing in the record suggests that defendant has been misled or prejudiced by the erroneous citation to the statute. Defendant is well aware of the charge against him as evidenced by his vigorous challenge to it via his motion to suppress the firearm.

see Document No. 38, and a hearing on defendant's suppression motion was held on February 3, 2016. The parties then submitted supplemental briefing concerning defendant's suppression motion. For the reasons stated herein, defendant's pretrial motions will be granted in part and denied in part.

I. **Background**

Pattie Jo Misho, who was defendant's state court parole officer, testified at the suppression hearing. Ms. Misho's testimony, and the evidence that was admitted at the hearing, establish the following facts.

Defendant originally was convicted in the Westmoreland County Court of Common Pleas of various drug and firearm charges, and he was sentenced to a term of 18 to 36 months imprisonment. On December 28, 2010, defendant was paroled, with a maximum parole date of December 30, 2012.

In September 2012, a warrant was issued for defendant's arrest based on technical parole violations. Defendant was on the run until December 3, 2012, when he was arrested. The parole violation resulted in the Pennsylvania Board of Probation and Parole (the "Board") declaring defendant "delinquent for control purposes" effective December 3, 2012, as well as defendant being recommitted to a state correctional institution to serve the remainder of his unexpired term of parole. In addition, defendant's maximum sentence date was extended to March 24, 2013, and he was incarcerated until that date.

While defendant was on parole - - specifically, during the period between January, 2012, until he was arrested on December 3, 2012 - - he engaged in criminal conduct. As a result,

2

⍟AO 72
(Rev. 8/82)

defendant was charged on August 29, 2013, in the Allegheny County Court of Common Pleas at Docket No. 16330 of 2013, with participating in a corrupt organization.

On January 20, 2015, defendant pled guilty and was convicted of the corrupt organization charge. On that same date, the Board issued a warrant to commit and detain defendant because the conduct underlying his conviction occurred while he was on parole and under the Board's supervision. When defendant was taken into custody, he was found to be in possession of a firearm, which resulted in him being charged with the instant federal offense.

## II. <u>Motion to Suppress Evidence</u> (Document No. 36)

Defendant argues that the warrant to commit and detain him which was issued on January 20, 2015, was invalid because it was not supported by probable cause. According to defendant, the Board did not have authority to issue the warrant because his parole had expired and he was no longer subject to the Board's jurisdiction. Therefore, defendant contends that his arrest and the search incident to it violated the Fourth Amendment, and the firearm seized should be suppressed as "fruit of the poisonous tree." The government argues in response that the statute governing the power of the Board, and case law interpreting it, makes clear that defendant's argument is without merit.

Defendant essentially contends that the Board did not have the authority to issue a warrant and recommit him as a convicted parole violator for crimes he committed while on parole, but for which he was not convicted until after his parole expired. Defendant's position is contrary to Pennsylvania law.

3

The Pennsylvania statute governing the Board's authority over a parolee who has violated the terms of his parole states as follows:

> (a) Convicted violators.—
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa.C.S. §6138(a)(1).

In accordance with this provision, the Board is authorized to recommit a parolee who commits a crime punishable by imprisonment while he is on parole and is later found guilty by a judge or a jury or to which he later pleads guilty. See Williams v. Pennsylvania Bd. of Probation & Parole, 2016 WL 867579, at *2 (Pa. Commw. Mar. 7, 2016) ("It is well settled that the Board has jurisdiction to recommit a parolee, after his maximum sentence date, for crimes committed while he was still on parole, even if he was not charged with and convicted of those crimes until after his maximum sentence expired."); Price v. Pennsylvania Bd. of Probation & Parole, 117 A.3d 362, 365-68 (Pa. Commw. 2015) (holding that the Board retains jurisdiction to recommit a parolee for criminal conduct that occurred while on parole even when his arrest and conviction on the resulting charges occur after the maximum sentence expired); Serrano v. Pennsylvania Bd. of Probation & Parole, 2011 WL 10845872, at *3 (Pa. Commw. May 5, 2011) ("This Court has consistently upheld the Board's right to recommit a parole violator, even if the parolee is not convicted until after his original sentence has expired, or where the Board does not become aware until after the expiration of the maximum sentence date that a parolee committed a crime while he was on parole."); Miskovitch v. Pennsylvania Bd. Of Probation & Parole, 77 A.3d 66, 73 (Pa.

4

Commw. 2013) ("It is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole."); Adams v. Pennsylvania Bd. Of Probation & Parole, 885 A.2d 1121, 1124 (Pa. Commw. 2005) (holding the Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after expiration of a maximum sentence date).

The Pennsylvania statute and case law interpreting it make clear that although defendant's parole expired on March 24, 2013, and he was not convicted of the corrupt organization crime which he committed while he was on parole until January 20, 2015, the Board had the authority to recommit him as a convicted parole violator at that time.[2] Accordingly, defendant's arrest on January 20, 2015, and the subsequent search which revealed a firearm was lawful, and no Fourth Amendment violation occurred.

### III. Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (Document No. 29)

Defendant seeks an order compelling the government to provide him with a statement of the nature, dates and places of occurrences of any offenses or acts of misconduct other than those

---

[2]Defendant suggests that the decisions of the Pennsylvania Commonwealth Court which are adverse to his position do not bind this court because, when ascertaining Pennsylvania law, decisions of the Pennsylvania Supreme Court are the authoritative source. Absent a controlling decision by the Pennsylvania Supreme Court, defendant recognizes that we must predict how it would rule by looking to, inter alia, decisions of state intermediate appellate courts, which is precisely what we have done here. We find that the Pennsylvania statute cited herein, 61 Pa.C.S. §6138(a)(1), and the decisions of the Pennsylvania Commonwealth Court interpreting that provision, are persuasive authority which make clear that the Board has jurisdiction to recommit a parolee, after his maximum sentence date, for crimes he committed while on parole, even if he was not charged with and convicted of those crimes until after his maximum sentence expired. Defendant has cited no Pennsylvania authority to the contrary.

5

set forth in the indictment which the government will seek to offer in evidence at trial pursuant to Fed.R.Evid. 404(b) and/or evidence of any prior convictions pursuant to Rule 609.

Rule 404(b) requires the government to provide reasonable notice prior to trial of its intention to use evidence of other crimes, wrongs or acts for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. See Fed.R.Evid. 404(b)(2). According to the Rule, "[o]n request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial . . . ." Fed.R.Evid. 404(b)(2)(A) and (B).

Although the government has not yet identified the specific bad acts by defendant that it will seek to introduce at trial, the government has agreed that it will provide the notice required under Rule 404(b) ten days before trial. According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days). Thus, the government's commitment to provide notice under Rule 404(b) ten days prior to trial is consistent with the case law interpreting the rule, and an order will be entered to that effect.

As for defendant's request under Rule 609, the government indicates that it has provided defendant with a copy of his criminal history, and the parties have received a pre-plea presentence

AO 72
(Rev. 8/82)

investigation report which outlines defendant's prior arrests and convictions. The government states it will use such records as impeachment material if appropriate under Rule 609 if defendant chooses to testify at trial.[3]

## IV. Motion to Compel Notice by the Government of its Intention to Use Certain Evidence (Document No. 30)

Defendant repeats his request for the government to provide notice of its intent to use evidence under Rule 404(b), which was addressed above. Defendant also requests disclosure of any physical evidence, not yet disclosed, which the government intends to introduce at trial that arguably is subject to suppression. According to the government, it is well aware of its obligations under Rules 12 and 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland and the Jencks Act, and already has complied with those obligations, thus defendant's motion for disclosure of evidence will be denied as moot.

## V. Motion for Leave to File Additional Pretrial Motions Following Full Disclosure of Discovery (Document No. 31)

Defendant believes that additional discovery material may be turned over to him, and requests leave to file additional pretrial motions, if necessary. In response, the government indicates it has complied with its discovery obligations and is not currently aware of additional

---

[3] Rule 609(a)(1)(B) allows, for the purpose of attacking the credibility of an accused, the admission of evidence that the accused has been convicted of any crime punishable by death or imprisonment in excess of one year if the court determines that the probative value of admitting that evidence outweighs the prejudicial effect to the accused. Rule 609(a)(2) further provides that evidence that any witness has been convicted of a crime involving dishonesty or false statement shall be admitted regardless of punishment. The only notice requirement in Rule 609 is that the government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. Fed.R.Evid. 609(b)(2).

AO 72
(Rev. 8/82)

materials subject to disclosure. Therefore, defendant's request will be denied, with leave to renew the request if it is becomes necessary to file additional pretrial motions which reasonably could not have been anticipated within the time allocated for filing motions in this case.

## VI. Motion for Early Disclosure of Jencks Material (Document No. 32)

The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012). Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

Despite the plain language of the statute and the case law interpreting it, defendant requests that the court order the government to provide him with Jencks material 14 days before trial. Although the government has no obligation to provide defendant with Jencks material until a witness testifies, the government has indicated it will turn over Jencks material four days prior to trial. Thus, the court will enter an order encouraging, but not compelling, the government to

8

provide any Jencks material to defendant four days prior to trial. See Maury, 695 F.3d at 248 n.18 (recognizing that "[d]espite [§3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies").

VII. **Motion for Discovery (Document No. 33)**

Defendant has filed a motion seeking discovery of various categories of information, including inter alia requests for exculpatory material and impeachment material related to any prospective government witnesses. Defendant's motion will be granted in part and denied in part as explained below.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the "Brady doctrine."[4] Id.

In response to defendant's discovery motion, the government has acknowledged its obligations under Rule 16 and the Brady doctrine. Accordingly, defendant's discovery motion and request for exculpatory evidence[5] will be granted in part, and the government will be required to

---

[4] Brady v. Maryland, 373 U.S. 83 (1963).

[5] The government states that it is unaware of any exculpatory Brady material pertaining to defendant.

9

turn over all information falling under Rule 16(a) and the <u>Brady</u> doctrine to the extent that any such information exists and has not already been provided to defendant. To the extent defendant's discovery motion requests information that does not fall within the scope of Rule 16(a), <u>Brady</u> or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, it is well settled that the government's obligations under <u>Brady</u> require it to disclose actual exculpatory evidence without undue delay. In contrast, <u>Brady</u> impeachment material ordinarily must be disclosed "in time for its effective use at trial." <u>United States v. Higgs</u>, 713 F.2d 39, 44 (3d Cir. 1983). Therefore, should the government discover the existence of any exculpatory <u>Brady</u> evidence, such evidence must be disclosed to defendant forthwith. As to impeachment material, the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of <u>Brady</u> material "to ensure the effective administration of the criminal justice system." <u>United States v. Starusko</u>, 729 F.2d 256, 261 (3d Cir. 1984) (quoting <u>Higgs</u>, 713 F.2d at 44, n.6). Given the nature of this case, disclosure of <u>Brady</u> impeachment material five days prior to trial is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

AO 72
(Rev. 8/82)

## VIII. Conclusion

For the foregoing reasons, defendant's pretrial motions will be granted in part and denied in part as explained herein. An appropriate order will follow.

_____
Gustave Diamond
United States District Judge

Date: April 25, 2016

cc:  Barbara K. Doolittle
     Assistant U.S. Attorney

     Kenneth J. Haber, Esq.
     304 Ross Street
     Suite 400
     Pittsburgh, PA 15219

AO 72
(Rev. 8/82)